Craig W. Richards (AK No. 0205017)
Law Offices of Craig Richards
810 N Street, Ste. 100
Anchorage, Alaska 99501
Email: crichards@alaskaprofessionalservices.com

Daniel R. Suhr *
Reilly Stephens *
Liberty Justice Center
Chicago, Illinois 60603
Ph.: 312-263-7668
Email: dsuhr@libertyjusticecenter.org
    rstephens@libertyjusticecenter.org

*Counsel for All Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **Doug Smith, Robert Griffin, Allen Vezey, Albert Haynes, Trevor Shaw, Families of the Last Frontier**, and **Alaska Free Market Coalition**,<br><br>    Plaintiffs,<br><br>v.<br><br>**Anne Helzer**, in her official capacity as chair of the Alaska Public Offices Commission, and **Van Lawrence**, **Richard Stillie Jr.**, **Suzanne Hancock**, and **Dan LaSota**, in their official capacities as members of the Alaska Public Offices Commissions, | Case No. _____<br><br>COMPLAINT |

Defendants.

## INTRODUCTION

1. The U.S. Constitution protects the rights of free speech and free association.

2. Ballot Measure 2, the ballot initiative with a number of election-related reforms, infringes on Alaskans' fundamental constitutional rights.

3. Defendants are responsible for implementing Ballot Measure 2's reforms to the electoral and campaign finance systems of the State of Alaska.

4. In order to vindicate the constitutional rights of themselves and their members, Plaintiffs bring this suit seeking declaratory and injunctive relief to protect the core First Amendment rights to free speech and association.

## PARTIES

5. Plaintiff Doug Smith is a citizen of Anchorage, Alaska. He sometimes donates amounts in excess of $2,000 to organizations that engage in independent expenditures.

6. Plaintiff Robert Griffin is a citizen of Anchorage, Alaska. He sometimes donates amounts in excess of $2,000 to organizations that engage in independent expenditures.

7. Plaintiff Allen Vezey is a citizen of Fairbanks, Alaska. He sometimes donates amounts in excess of $2,000 to organizations that engage in independent expenditures.

8. Albert Haynes is a citizen of Wasilla, Alaska. He sometimes donates amounts in excess of $2,000 to organizations that engage in independent expenditures.

9. Trevor Shaw is a citizen of Ketchikan, Alaska. He sometimes donates amounts in excess of $2,000 to organizations that engage in independent expenditures.

10. Families of the Last Frontier is an independent expenditure group registered and operating in the state of Alaska, that has received donations in excess of $2,000 in the past, has made independent expenditures in excess of $2,000 in the past, and intends to continue doing so in the future. Families of the Last Frontier also solicits donations from outside the state of Alaska, and at times these donations have been in excess of 50% of their revenue.

11. Alaska Free Market Coalition is an independent expenditure group registered and operating in the state of Alaska, that has received donations in excess of $2,000 in the past, has made independent expenditures in excess of $2,000 in the past, and intends to continue doing so in the future.

12. Anne Helzer is the chair of the Alaska Public Offices Commission, and Van Lawrence, Richard Stillie Jr., Suzanne Hancock, and Dan LaSota are the members of the Commission. They live across the state, but the Commission's offices are in Anchorage, Alaska. They are sued in their official capacities.

## JURISDICTION AND VENUE

13. This case raises claims under the First and Fourteenth Amendments of the United State Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

14. Venue is appropriate under 28 U.S.C. § 1391(b)(1) and (2) because Defendants are located in and a substantial portion of the events giving rise to the claims occurred in the District of Alaska.

## FACTUAL ALLEGATIONS

15. In November 2020, the people of Alaska adopted Ballot Measure 2, a complete copy of which is attached as Exhibit A.

16. On November 30, 2020, the Lieutenant Governor certified the results of the vote on Ballot Measure 2.

17. Pursuant to Alaska Const. Art. XI, Sec. 6, the Initiative automatically became law 90 days after certification, which was Sunday, February 28, 2021.

18. The Alaska Public Offices Commission (APOC) adopted regulations implementing Ballot Measure 2 on Wednesday, June 9, 2021.

19. The Alaska Supreme Court issued an order upholding the entirety of Ballot Measure 2 against several state constitutional challenges on January 19, 2022.

20. There will be a primary and general election in fall 2022 to elect the Governor and Lieutenant Governor of Alaska, among other offices. The primary will be held on August 16, 2022, and the general on November 8, 2022.

21. Defendant members of the Commission post donor reports on the agency's website, so anyone can see donors' name, home address, and occupation: https://doa.alaska.gov/apoc/SearchReports/.

22. Plaintiff Smith has donated to independent expenditure groups and candidates in past elections, including approximately $1,600 in donations in 2018, $5,000 in 2019, and $3,000 in 2020.

23. Smith would like to continue giving similar or even greater amounts to support causes he is passionate about, but if he does so he will now be subject to the disclosure requirements of Ballot Measure 2.

24. Plaintiff Griffin has donated to independent expenditure groups and candidates in past elections, including approximately $14,500 in donations in 2018, $4,500 in 2019, and $2,750 in 2020.

25. Griffin would like to continue giving similar or even greater amounts to support causes he is passionate about, but if he does so he will now be subject to the disclosure requirements of Ballot Measure 2.

26. Plaintiff Vezey has donated to independent expenditure groups and candidates in past elections, including approximately $2,400 in donations in 2018 and $2,250 in 2020.

27. Vezey would like to continue giving similar or even greater amounts to support causes he is passionate about, but if he does so he will now be subject to the disclosure requirements of Ballot Measure 2.

28. Plaintiff Haynes has donated to independent expenditure groups and candidates in past elections, including a $5,000 donation to an independent expenditure group during the 2018 election cycle.

29. Haynes would like to continue giving similar or even greater amounts to support causes he is passionate about, but if he does so he will now be subject to the disclosure requirements of Ballot Measure 2.

30. Plaintiff Shaw has donated to independent expenditure groups and candidates in past elections, including approximately $6,646 in donations in 2018, $4,647 in 2019, and $6,850 in 2020. These donations included a mix of cash and in-kind contributions.

31. Shaw would like to continue giving similar or even greater amounts to support causes he is passionate about, but if he does so he will now be subject to the disclosure requirements of Ballot Measure 2.

32. Plaintiffs Smith, Griffin, Haynes, Vezey, and Shaw (the Donor Plaintiffs) believe strongly in the right of private association, and therefore the compelled disclosures required by Ballot Measure 2 would be in conflict with their principles.

33. Donor Plaintiffs fear that publicity listing their support of their preferred causes as required by Ballot Measure 2 may lead to reprisals against them and their business interests in the current climate of cancel culture.

34. The burdensome additional requirements added by Ballot Measure 2 are a serious and compelling disincentive for the Donor Plaintiffs to continue giving as they have in the past.

35. Because of Ballot Measure 2, the Donor Plaintiffs will be forced to either forgo giving to causes they believe in, or do so subject to a disclosure and reporting regime that they believe violates their rights.

36. Plaintiff Families of the Last Frontier (FLF) is a private independent expenditure group registered and operating in Alaska.

37. FLF has raised and spent more than $2,000 on independent expenditures in previous Alaska elections, and would like to do so for the 2022 election cycle as well.

38. If FLF raises and spends more than $2,000 on independent expenditures for the 2022 election cycle, it will now be subject to the disclosure requirements of Ballot Measure 2.

39. FLF receives donations of more than $2,000 from some of its donors, and would like to continue soliciting such donations in the future.

40. If FLF receives donations of more than $2,000 from a given donor going forward, those donations will be subject to the disclosure requirements of Ballot Measure 2.

41. FLF solicits funds from both within and outside the State of Alaska, and in the past donations from outside the Alaska have accounted for more than 50% of FLF's total revenue.

42. Under Ballot Measure 2, if FLF secures a majority of funding from sources outside Alaska, it will be subject to the out-of-state disclosure requirements of Ballot Measure 2.

43. FLF believes strongly in the right of private association and the compelled disclosures required by Ballot Measure 2 would be in conflict with the principles of the organization

44. FLF has received money from a variety of sources over the years. Listing FLF's top five donors in their communications would represent an arbitrary sample that is not representative of the individuals and entities that support their work.

45. FLF fears that publicity listing our donors support of the organization may lead to reprisals against donors and their business interests in the current climate of cancel culture.

46. The burdensome additional requirements added by Ballot Measure 2 are a serious and compelling disincentive for potential donors to FLF.

47. Because of Ballot Measure 2, many donors will be forced to either forgo giving to FLF, or do so subject to a disclosure and reporting regime that they believe violates their rights.

48. Plaintiff Alaska Free Market Coalition (AFMC) is a private independent expenditure group registered and operating in Alaska.

49. AFMC has raised and spent more than $2,000 on independent expenditures in previous Alaska elections, and would like to do so for the 2022 election cycle as well.

50. If AFMC raises and spends more than $2,000 on independent expenditures for the 2022 election cycle, it will now be subject to the disclosure requirements of Ballot Measure 2.

51. AFMC receives donations of more than $2,000 from some of its donors, and would like to continue soliciting such donations in the future.

52. If AFMC receives donations of more than $2,000 from a given donor going forward, those donations will be subject to the disclosure requirements of Ballot Measure 2.

53. Under Ballot Measure 2, if AFMC secures a majority of funding from sources outside Alaska, it will be subject to the out-of-state disclosure requirements of Ballot Measure 2.

54. AFMC believes strongly in the right of private association and the compelled disclosures required by Ballot Measure 2 would be in conflict with the principles of the organization

55. AFMC has received money from a variety of sources over the years. Listing AFMC's top five donors in their communications would represent an arbitrary sample that is not representative of the individuals and entities that support their work.

56. AFMC fears that publicity listing our donors support of the organization may lead to reprisals against donors and their business interests in the current climate of cancel culture.

57. The burdensome additional requirements added by Ballot Measure 2 are a serious and compelling disincentive for potential donors to AFMC.

58. Because of Ballot Measure 2, many donors will be forced to either forgo giving to AFMC, or do so subject to a disclosure and reporting regime that they believe violates their rights.

59. Plaintiffs have no remedy at law.

## COUNT I

### Compelling individual donors to report donations to independent expenditures violates the First Amendment.

60. The allegations contained in all preceding paragraphs are incorporated herein by reference.

61. Vague, indeterminate, and overly burdensome campaign finance laws that burden everyday people with compliance burdens supporting political and issue entities violate their First Amendment rights. *Citizens United v. FEC*, 558 U.S. 310, 324 (2010) ("The First Amendment does not permit laws that force speakers to retain a campaign finance attorney, conduct demographic marketing research, or seek declaratory rulings before discussing the most salient political issues of our day.").

62. Repetitive campaign finance laws that duplicate existing disclosure requirements are overly burdensome and unjustifiable. *See McCutcheon v. FEC*, 572 U.S. 185, 221 (2014) ("This 'prophylaxis-upon-prophylaxis approach' requires that we be particularly diligent in scrutinizing the law's fit.").

63. Sections 7 and 15 of Ballot Measure 2 are unconstitutional because they compel individual independent expenditure donors to report donations within 24 hours to Defendants when the recipient organizations must also report them.

64. They are further unconstitutional because they require donors to report donations to groups that are not actively engaged in independent expenditures, in which the government lacks a sufficient interest to force disclosure.

## COUNT II

**Compelling speakers to recite government-imposed scripts on campaign materials violates the First Amendment.**

65. The allegations contained in all preceding paragraphs are incorporated herein by reference.

66. Compelling speakers to recite a government-imposed script is subject to strict scrutiny, which these provisions cannot survive.

67. AS 15.13.090, both before and after its amendment by Sections 11 and 12 of Ballot Measure 2, requires speakers to recite several government-imposed scripts: a stand-by-your-ad disclaimer, a top-5-donor disclaimer, and an out-of-state disclaimer.

68. Section 12's out-of-state disclaimer requirement also unduly discriminates against the First Amendment rights of nonresidents. *Thompson v. Hebdon*, 7 F.4th 811, 824 (9th Cir. 2021).

69. These government-imposed content-altering scripts are unconstitutional and cannot be justified by any compelling interest. Nor are they narrowly tailored or the least restrictive means of providing such information. *See Nat'l Inst. of Family & Life Advocates v. Becerra*, 138 S. Ct. 2361, 2371 (2018).

70. Even if the individual parts of the statute are not unconstitutional, together they are so unduly burdensome to be unconstitutional because they take up such a significant portion of an advertisement. *See Am. Bev. Ass'n v. City & Cty. of S.F.*, 916 F.3d 749, 756 (9th Cir. 2019).

71. The entirety of AS 15.13.090, as modified by Sections 11 and 12 of Ballot Measure 2, is unconstitutional.

## COUNT III

### Compelling layered donor disclosure violates the First Amendment.

72. The allegations contained in all preceding paragraphs are incorporated herein by reference.

73. The freedom of association includes privacy for organizations and their members and contributors. *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958); *Americans for Prosperity Foundation v. Bonta*, ___ U.S. ___ (2021).

74. Ballot Measure 2 violates this freedom of private association for donors to organizations that make independent decisions to support independent expenditure organizations (secondary or "true source" or "dark money" donor

13

disclosure). By compelling non-profit organizations to disclose their donors when churches, chambers of commerce, or other groups make choices to support independent expenditure efforts, for multiple layers of groups and donors, the law violates this privacy principle inherent in the freedom of association.

75. Sections 6, 9, 14, and 18 of Ballot Measure 2 are unconstitutional.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

    a.    Declare that the speech-compelling provisions of Ballot Measure 2 and A.S. 15.13.090 violate the First Amendment; and

    b.    Declare that the provisions of Ballot Measure 2 requiring individual donors to duplicatively immediately report their own donations violate the First Amendment; and

    c.    Declare that the provisions of Ballot Measure 2 requiring disclosure of donors to organizations not actively engaged in current independent expenditures violates the First Amendment; and

    d.    Declare that the "dark money" donor-disclosure provisions of Ballot Measure 2 violate the First Amendment; and

    e.    Enjoin the administration, application, or enforcement of all provisions declared unconstitutional; and

    f.    Award Plaintiffs their costs and attorneys' fees; and

  g. Award any further relief to which Plaintiffs may be entitled.


Dated: April 6, 2022



Dated: April 6, 2022



Daniel R. Suhr *
Reilly Stephens *
Liberty Justice Center
Chicago, Illinois 60603
Ph.: 312-263-7668
Email: dsuhr@libertyjusticecenter.org
  rstephens@libertyjusticecenter.org
*Counsel for Plaintiff*

/s/
Craig W. Richards (AK No. 0205017)
Law Offices of Craig Richards
810 N Street, Ste. 100
Anchorage, Alaska 99501
Email: crichards@alaskaprofessionalservices.com
*Counsel for Plaintiff*

*pro hac vice motion forthcoming