Craig W. Richards (AK No. 0205017)
Law Offices of Craig Richards
810 N Street, Ste. 100
Anchorage, Alaska 99501
Email: crichards@alaskaprofessionalservices.com

Daniel R. Suhr (WI No. 1056658)
Liberty Justice Center
440 N. Wells St., Suite 200
Chicago, Illinois 60654
Ph.: 312-263-7668
Email: dsuhr@libertyjusticecenter.org

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **SMITH,** et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**HELZER,** et al.,<br><br>　　　　　Defendants. | Case No. 3:22-cv-00077 |

## SCHEDULING AND PLANNING CONFERENCE REPORT

In accordance with Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and with Local Civil Rules 16.1 and 26.1(b), the parties conferred electronically; the following persons participated: Jessie Alloway (State Defendants); Scott

Kendall (Intervenor Defendants); Daniel Suhr and Craig Richards (Plaintiffs). The parties recommend the following:

The Plaintiffs are bringing a facial legal challenge to the application of the U.S. Constitution to a state statute. Based on such stipulation, the State Defendants and Intervenor Defendants agree that discovery will not be necessary. In addition, the State Defendants and Intervenor Defendants indicated that they will file a motion to dismiss in lieu of an answer. Should this case proceed beyond the motion to dismiss, the parties will meet and confer and propose a briefing schedule for cross-motions for summary judgment.

**II.    Discovery Plan.**

    **A.    Timing, Form and Disclosure Requirements**. Please refer to Rule 26(f)(3)(A), Federal Rules of Civil Procedure. Are there changes that the parties are proposing to that rule for this case under Rule 26(a)?

Yes ☒   No ☐   Given that the plaintiffs have raised a facial challenge to the constitutionality of state statutes, the parties agree that this case can be resolved via motion practice without additional discovery. In the event the case proceeds beyond the motion to dismiss, the parties will propose a schedule to brief cross-motions for summary judgment.

    **B.    Initial Disclosures / Preliminary Witness Lists.**

1. The information required by Rule 26(a)(1), Federal Rules of Civil Procedure: **n/a**

    (a) ☐ Has been exchanged by the parties.

    (b) ☐ Will be exchanged by the parties on or before:

2. Preliminary witness lists: **n/a**

    (a) ☐ Have been exchanged by the parties.

    (b) ☐ Will be exchanged by the parties on or before

3. Disclosure Statement. The disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

    (a) ☐ Have been complied with.

    (b) ☐ Compliance will be accomplished on or before *[date]*.

    (c) ☒ Rule 7.1 is not applicable.

C. **Subjects and Timing of Discovery**. *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure.

1. List the subjects on which discovery may be needed: The State Defendants and Intervenor Defendants reserve the

right to engage in discovery should the plaintiffs decide to make an as applied challenge.

2. Should discovery be conducted in phases or limited to or focused on particular issues?   Yes ☐    No ☐    N/A

3. Absent good cause, the proposed <u>date for completion of all discovery</u> should be no later than **twelve months** from the date of this report. **N/A**

4. **Final Discovery Witness List.**   A final discovery witness list disclosing all lay witnesses whom a party may wish to call at trial shall be served and filed on **N/A**.[1]

5. **Close of Fact Discovery.**   Fact discovery will be completed on or before **N/A.**

6. **Expert Discovery**. *See* Rule 26(a)(2), Federal Rules of Civil Procedure. The parties do not anticipate a need for expert

---

[1] Each party shall make a good faith attempt to list only those lay witnesses that the party reasonably believes will testify at trial.

witnesses. However, in case any party decides to pursue an expert, they recommend the following:

(a) Expert witnesses shall be identified by each party on or before **N/A**, and each party may identify responsive supplemental expert witnesses within 14 days thereafter.

(b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

(i) By all parties on or before **n/a**; <u>or</u>

By plaintiff(s) on or before ***[date]***, and by defendant(s) on or before ***[date]***;

(ii) Rebuttal reports on or before 30 days from the service of the report being rebutted.

(c) Expert witness discovery (include depositions) shall be completed by: ***[date] [see paragraph C.3 above].***

**D. Preserving Discovery and Electronically Stored Information (ESI)**

1. Are there issues about the disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced? *See* Rule 26(f)(3)(C), Federal Rules of Civil Procedure.

    Yes ☐   No ☒   ***[If yes, please identify the issue(s): ]***

2. Please state how ESI should be produced: ***[Explain: ]***

3. Are there issues with preserving non-ESI discovery?

   Yes ☐   No ☒   *[If yes, please identify the issue(s): ]*

E. **Claims of Privilege or Protection of Attorney Work Product**

   *See* Rule 26(f)(3)(D), Federal Rules of Civil Procedure.

   1. ☒  There is no indication that this will be an issue.

   2. ☐  The parties have entered into a confidentiality agreement.

   3. ☐  The parties will file their proposed confidentiality agreement on or before: *[date]*.

F. **Limitations on Discovery.**   *See* Rule 26(f)(3)(E), Federal Rules of Civil Procedure.

   1. ☒  The limitations contained in Rules 26(b), 30, and 33, Federal Rules of Civil Procedure, and in Local Civil Rules 30.1 and 36.1, will apply except as indicated below.

   2. ☐  The maximum number of depositions by each party will not exceed **6**.

      (a) ☐  Depositions will not exceed **6** hours as to any deponent.

(b) ☐ Depositions will not exceed **6** hours as to non-party deponents.

(c) ☐ Depositions will not exceed **6** hours as to party deponents.

3. ☐ The maximum number of interrogatories posed by each party will not exceed **25**.

4. ☐ The maximum number of requests for admissions posed by each party will not exceed **25**.

5. ☐ Other limitations: **n/a**.

**G. Supplementation of Disclosures and Discovery Responses.** Please refer to Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure. Do the parties request that the Court enter an order that is different from these rules (*e.g.* supplementation at 30-day intervals)?

Yes ☐   No ☒   *[If yes, explain: ]*

**III. Pretrial Motions.**

**A.** Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?

Yes ☐   No ☒   *[If yes, explain: ]*

**B.** Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

1. Motions to amend pleadings or add parties will be filed not later than ***July 15, 2022***. Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

2. Motions under the discovery rules will be filed not later than ***N/A***.

3. Dispositive motions (including motions for summary judgment) will be filed not later than ***n/a***. Should this case proceed beyond the State's motion to dismiss, the parties anticipate this case will be resolved on cross-motions for summary judgment and will recommend a briefing schedule

4. Motions to exclude expert testimony shall be filed and served not later than ***n/a***.

### IV. Trial.

**A.** The case is expected to take ___ days to try.

**B.** Has a jury trial been demanded?  Yes ☐  No ☒

**C.** Is the right to jury trial disputed?  Yes ☐  No ☒

**D**. The parties ☐ do / ☒ do not request the scheduling of a trial date at this time.[2]

1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, at least two of which are <u>5 to 7 months</u> from the close of all discovery.

2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

**V**. **Other Provisions.**

**A. Court Conference.** The parties ☐ do / ☒ do not request a conference with the court before entry of a scheduling order. ***[If requested, explain: ]***

**B. Consent to Proceed before a Magistrate Judge.**

The parties ☐ do / ☒ do not consent to trial before a magistrate judge.

---

[2] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge. Counsel and self-represented parties are advised to contact the assigned judge's Data Quality Analyst (DQA) to determine the judge's practice for establishing a trial date.

C.  **Early Settlement / Alternative Dispute Resolution.**

1. Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

    Yes ☐   No ☒   *[If yes, explain: ]*

2. Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

    Yes ☐   No ☒

D.  **Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)?   Yes ☐   No ☒   *[If yes, describe: ]*

VI. **Report Form.**

A.  Have the parties experienced a problem in using this form?

    Yes ☐   No ☒   *[If yes, explain: ]*

B.  Are there additional subjects that the parties would propose to add to this form?   Yes ☐   No ☒   *[If yes, explain: ]*

Dated: May 16, 2022

Craig W. Richards (AK No. 0205017)

Law Offices of Craig Richards
810 N Street, Ste. 100
Anchorage, Alaska 99501
Email: crichards@alaskaprofessionalservices.com

Daniel R. Suhr (WI No. 1056658)
Liberty Justice Center
440 N. Wells St., Suite 200
Chicago, Illinois 60654
Ph.: 312-263-7668
Email: dsuhr@libertyjusticecenter.org