Scott M. Kendall (AK No. 0405019)
Jahna M. Lindemuth (AK No. 9711068)
Cashion, Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, Alaska 99501
Phone: (907) 222-7932
Fax: (907) 222-7938
scott@cashiongilmore.com
jahna@cashiongilmore.com

*Attorneys for Intervenor-Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DOUG SMITH, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> ANNE HELZER, IN HER OFFICIAL CAPACITY AS CHAIR OF THE ALASKA PUBLIC OFFICES COMMISSION, ET AL., <br><br> Defendants, <br><br> and <br><br> ALASKANS FOR BETTER ELECTIONS, INC., <br><br> Intervenor-Defendant. | Case No. 3:22-CV-00077-SLG <br><br><br> **ALASKANS FOR BETTER ELECTIONS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

## I.     INTRODUCTION

Plaintiffs are seeking a preliminary injunction against certain provisions of Ballot Measure 2, primarily based on their supposed constitutional right to hide the source of

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al., Case No. 3-22-CV-00077-SLG*                                                                Page 1 of 11

Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 1 of 11

political contributions. They seek this relief approximately a year and a half after the measure's passage. Plaintiffs argue that the First Amendment gives individuals and corporations the right to anonymously contribute unlimited sums of money to independent expenditure organizations ("IEOs") to sway elections, and have filed a motion for preliminary injunction on their facial challenge based on "imminent harm."

Although the U.S. Supreme Court has struck down certain *limits* or *caps* on contributions, it has specifically approved *disclosure* requirements as a less restrictive, necessary, and constitutional curative option. Plaintiffs argue that the First Amendment's "protections" means that: (1) major contributors do not have to report their contributions to IEOs within 24 hours; (2) IEOs do not have to list their top contributors and other disclaimers, like when a majority of an IEO's funds come from outside Alaska, on video ads for their duration; and (3) individuals and corporations have the right to anonymously give unlimited sums of money to influence elections.

But Plaintiffs fail to consider the State's (and the public's) important interest in this information. The public has an interest in knowing who is trying to influence the outcome of candidate elections in a timely manner. The public has an interest in being able to meaningfully consider disclaimers on election ads. The public has an interest in knowing whether the majority of an IEOs funds come from outside Alaska. And the public has an interest in knowing who, exactly, is trying to influence their vote. The First Amendment

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al.*, Case No. 3-22-CV-00077-SLG
Page 2 of 11
Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 2 of 11

simply does not do what Plaintiffs wish it did; Ballot Measure 2's challenged disclosure and disclaimer provisions fall squarely within the bounds of the Constitution.

Intervenor-Defendant Alaskans for Better Elections, Inc. ("ABE") has explained why Plaintiffs are unlikely to succeed on the merits of their claims in a concurrently-filed motion to dismiss, which is hereby adopted in full by reference.[1] Not only are Plaintiffs wrong that they are likely to succeed on the merits, but they are also wrong that an injunction is necessary to prevent irreparable harm, that the equities balance in their favor, and that the public's interest would somehow align with voiding the very disclosure provisions that the same public supported on the ballot. Because Plaintiffs fail to meet the high standard for granting a preliminary injunction in this facial challenge raised on the eve of an election, Plaintiffs' motion should be DENIED.

## II. FACTUAL BACKGROUND

ABE included the relevant factual background in its motion to dismiss, and ABE relies on the facts outlined in that motion for this opposition.[2]

In addition to filing their complaint, Plaintiffs moved for a preliminary injunction on April 25, 2022, asking this Court to stay application of Ballot Measure 2's disclaimer and disclosure provisions for the upcoming election season while this Court considers the

---

[1] ABE's Motion to Dismiss (May 16, 2022). ABE also incorporates the Affidavit of Scott M. Kendall in its entirety. *See generally* Affidavit of Scott M. Kendall (May 16, 2022) [hereinafter Kendall Aff.].

[2] *See* ABE's Motion to Dismiss at Part II.

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al.*, Case No. 3-22-CV-00077-SLG
Page 3 of 11
Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 3 of 11

merits of this lawsuit.[3] The provisions challenged in this lawsuit went into effect in February 2021 — more than fifteen months ago.[4] Because Plaintiffs fail to allege or establish any particularized injury — making only conclusory references to "cancel culture,"[5] and because each individual Plaintiff has previously reported substantial contributions to IEOs in their own names[6] — Plaintiffs cannot establish imminent

---

[3] *See* Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction, at 2-3 (Apr. 25, 2022) (Doc. 18-1) [hereinafter Plaintiffs' Motion].

[4] *See* 2020 General Election, Election Summary Report, Official Results, https://www.elections.alaska.gov/results/20GENR/data/sovc/ElectionSummaryReportRPT24.pdf (Nov. 30, 2020) [hereinafter 2020 General Election Results]. Because the State certified Ballot Measure 2's win on November 30, its provisions went into effect on February 28, 2021. *See* Alaska Const. art. XI, § 6 ("An initiated law becomes effective ninety days after certification[.]").

[5] *See* Declaration of Robert Griffin at ¶ 10 (Apr. 11, 2022) (Doc. 18-3) [hereinafter Griffin Decl.] ("I fear that being publicity [sic] associated with my donations may lead to reprisals against me and my business interests in the current climate of cancel culture."); Declaration of Albert Haynes at ¶ 10 (Mar. 31, 2022) (Doc. 18-5) [hereinafter Haynes Decl.] (same); Declaration of Trevor Shaw at ¶ 9 (Mar. 30, 2022) (Doc. 18-6) [hereinafter Shaw Decl.] (same); Declaration of Doug Smith at ¶ 10 (Apr. 4, 2022) (Doc. 18-7) [hereinafter Smith Decl.] (same); Declaration of Allen Vezey at ¶ 10 (Apr. 5, 2022) (Doc. 18-8) [hereinafter Vezey Decl.] (same); Declaration of Steve Strait at ¶ 8 (Apr. 26, 2022) (Doc. 21) [hereinafter Strait Decl.] ("I fear that publicity [sic] listing our donors support of [FLF] may lead to reprisals against our donors and their business interests in the current climate of cancel culture.").

[6] *See* Kendall Aff. at ¶ 14 (identifying a $5,000 contribution from Al Haynes to Dunleavy for Alaska, an IEO, in 2018); Kendall Aff. at ¶ 15 (identifying a $2,000 contribution from Allen Vezey to Mead Treadwell for Alaska's Future, an IEO, in 2018); Kendall Aff. at ¶ 16 (identifying $10,000 and $5,000 contributions from Doug Smith to Dunleavy for Alaska in 2018 and 2019 respectively); Kendall Aff. at ¶ 17 (identifying $9,500 and $2,000 contributions from Robert Griffin to Dunleavy for Alaska in 2018 and 2019 respectively); Kendall Aff. at ¶ 18 (identifying a $7,700 contribution from Trevor Shaw to AFMC in 2020); *see also* Griffin Decl. at ¶ 3; Haynes Decl. at ¶ 3; Shaw Decl. at ¶ 4; Smith Decl. at ¶ 3; Vezey Decl. at ¶ 3.

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al.*, Case No. 3-22-CV-00077-SLG    Page 4 of 11
Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 4 of 11

irreparable harm, let alone the other factors necessary to support a preliminary injunction. Intervenor-Defendant ABE, along with Defendants, oppose Plaintiffs' motion.

### III. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as [a matter] of right."[7] "A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest."[8] "In each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'"[9] In the Ninth Circuit, courts "evaluate these factors via a 'sliding scale approach,'"[10] whereby a preliminary injunction may be issued "when a plaintiff raises 'serious questions' as to the merits and 'the balance of hardships tips sharply in [plaintiff's] favor,'" so long as the plaintiff still establishes irreparable harm and that the injunction is in the public interest.[11]

As the Ninth Circuit has noted, "[a] preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*,

---

[7] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)).

[8] *Id.* at 20 (citations omitted).

[9] *Id.* at 24 (quoting *Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 542 (1987)).

[10] *Arc of Cal. v. Douglas*, 757 F.3d 975, 983 (9th Cir. 2014) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)).

[11] *Puente Ariz. v. Arpaio*, 821 F.3d 1098, 1103 n.4 (9th Cir. 2016) (alteration in original) (quoting *All. for the Wild Rockies*, 632 F.3d at 1135).

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al.*, Case No. 3-22-CV-00077-SLG  Page 5 of 11
Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 5 of 11

carries the burden of persuasion.'"[12]  Mandatory injunctions like the one requested by Plaintiffs — where a party seeks to *change* the status quo[13] — are "particularly disfavored," and should be denied "unless the facts and law clearly favor the moving party."[14]

## IV. ARGUMENT

ABE incorporates its motion to dismiss by reference, which thoroughly explains why Plaintiffs are very unlikely to succeed on the merits of their case.[15]  Plaintiffs' failure to establish this factor alone dooms their motion for preliminary injunction for all three of their claims.[16]

In addition to being wrong on the merits, Plaintiffs also cannot show how they meet the other three factors — irreparable harm, the balance of equities, and the public interest — for granting a preliminary injunction.[17]  Plaintiffs are requesting "an extraordinary remedy" by seeking a preliminary injunction,[18] and even if it were a closer call on the

---

[12]  *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (emphasis in original) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).

[13]  The status quo was established when Ballot Measure 2's provisions became effective on February 28, 2021.  Plaintiffs' challenge was filed over one year later, and on the eve of an election.

[14]  *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (9th Cir. 1976)).

[15]  *See* ABE's Motion to Dismiss at Part IV.

[16]  *See Yes on Prop B v. City & Cnty. of San Francisco*, 440 F. Supp. 3d 1049, 1061-62 (N.D. Cal. 2020) (denying a preliminary injunction in a facial challenge to disclaimer and disclosure provisions).

[17]  *See* Plaintiffs' Motion at 33-35.

[18]  *Winter*, 555 U.S. at 24.

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al.*, Case No. 3-22-CV-00077-SLG
Page 6 of 11
Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 6 of 11

merits (which it is not), there are at least five more reasons why Plaintiffs fail to meet their burden.

First, undercutting their claim of irreparable harm, Plaintiffs waited to seek a preliminary injunction for *nearly 18 months* after Ballot Measure 2 passed.[19] Preliminary injunctions have been denied when a movant waits to file for a preliminary injunction for days or weeks beyond when an alleged harm has started to occur.[20] Plaintiffs have not, and cannot, excuse their delay for sitting on their claims of "irreparable harm."[21]

Second, Plaintiffs fail to show how they would be irreparably harmed by maintaining the status quo.[22] Plaintiff Families of the Last Frontier ("FLF") appears to have actually complied with Alaska's new disclosure requirements since they went into effect,[23] and both FLF and Plaintiff Alaska Free Market Coalition ("AFMC") have

---

[19] *See* Plaintiffs' Motion at 35; *see also* 2020 General Election Results (showing that Plaintiffs waited to seek a preliminary injunction until 511 days after Ballot Measure 2 was certified by the State Division of Elections).

[20] *See Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief." (citing *Gianni Cereda Fabrics, Inc. v. Bazaar Fabrics, Inc.*, 335 F. Supp. 278, 280 (S.D.N.Y. 1971))); *see also Cuviello v. City of Vallejo*, 944 F.3d 816, 833 (9th Cir. 2019) ("It is generally recognized that a 'long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm[.]'" (quoting *Oakland Trib., Inc. v. Chron. Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985))); *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (en banc) ("The district court did not abuse its discretion by finding [a] delay undercut [Plaintiff]'s claim of irreparable harm." (citing *Oakland Trib.*, 762 F.2d at 1377)).

[21] *See* Plaintiffs' Motion at 33.

[22] *See id.*

[23] *See* Kendall Aff. at ¶ 26 (reporting independent expenditures in April and May 2021).

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al.*, Case No. 3-22-CV-00077-SLG     Page 7 of 11
Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 7 of 11

registered as IEOs in 2022.[24] Moreover, not only have all of the individual Plaintiffs previously contributed substantial sums of money to IEOs in their own names,[25] but many have also reported large contributions to ballot initiative groups,[26] which have similar donor disclosure requirements.[27] And requiring certain IEOs to include another factual, content-neutral sentence on their election ads hardly qualifies as irreparable harm for this facial challenge.[28]

Vague, conclusory allegations of cancel culture, especially since Plaintiffs have made major contributions to IEOs for years, does not qualify as irreparable harm. Requiring some IEOs to include a single factual statement on election communications does not qualify as irreparable harm. And requiring major contributors to IEOs independently report their contributions, especially since many of the individual Plaintiffs have been doing so with their contributions to ballot initiative groups for years, does not qualify as irreparable harm. Plaintiffs, along with everyone else, just need to follow Ballot Measure 2's new campaign disclosure and disclaimer requirements.

Third, Plaintiffs' conclusory claims about the public interest and balance of equities ignores a critical point: the constitutional interest the electorate has to information about

---

[24] *See* Kendall Aff. at ¶ 9.

[25] *See* Kendall Aff. at ¶¶ 14-18.

[26] *See* Kendall Aff. at ¶¶ 21-24. However, at least one individual (Plaintiff Smith) appears to have not complied with this reporting requirement for a more recent applicable contribution. *See* Kendall Aff. at ¶ 25.

[27] *See* AS 15.13.040(k).

[28] *See* AS 15.13.090(g).

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al.*, Case No. 3-22-CV-00077-SLG  Page 8 of 11
Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 8 of 11

who is influencing its elections.[29] Ballot Measure 2's provisions were enacted by a popular vote of the people.[30] This is a strong indication that the public interest is in favor of maintaining the very disclaimer and disclosure provisions that voters approved.[31] It defies logic to suggest that the public somehow has an interest in having *less* information in election advertisements, or alternatively, that the public has an interest in receiving *inaccurate* or *misleading* information in ads and disclosures by IEOs and their major contributors. The public simply does not have an interest in allowing major contributors to IEOs to remain anonymous. To "balance" the equities, this Court must consider the other side,[32] and allowing unlimited sums of "dark money" to flood Alaska this election cycle would unquestionably undermine the State's (and the public's) informational interest.

Fourth, Plaintiffs' request for a mandatory injunction also faces a higher burden.[33] Were Plaintiffs only trying "to preserve the status quo pending a determination of the action

---

[29] *See Citizens United v. FEC*, 558 U.S. 310, 366-71 (2010).

[30] *See* Plaintiffs' Motion at 34-35; *see also* 2020 General Election Results.

[31] *See* Ballot Measure 2 at 2 (Exhibit A *to* Kendall Aff.) ("The people of Alaska have the right to know in a timely manner the source, quantity, timing, and nature of resources used to influence candidate elections in Alaska. This right requires the prompt, accessible, comprehensible, and public disclosure of the true and original sources of funds used to influence these elections, and is essential to the rights of free speech, assembly, and petition guaranteed by the First Amendment to the United States Constitution and shall be construed broadly.").

[32] *See Winter*, 555 U.S. at 24 ("In each case, courts '*must balance* the competing claims of injury and *must* consider the effect on each party of the granting or withholding of the requested relief.'" (emphasis added) (quoting *Amoco Prod. Co.*, 480 U.S. at 542)).

[33] *See Anderson*, 612 F.2d at 1114.

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al.*, Case No. 3-22-CV-00077-SLG   Page 9 of 11

Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 9 of 11

on the merits," they would have a less onerous burden to obtain a prohibitory injunction.[34] But because Plaintiffs are seeking to *disrupt* the status quo by upending current provisions of Alaska's campaign disclosure ecosystem, their request for a preliminary injunction must be "particularly disfavored."[35]

Finally, Plaintiffs completely ignore the U.S. Supreme Court's decision in *Purcell v. Gonzalez*,[36] which stands for the proposition that "federal courts should ordinarily not alter . . . election rules on the eve of an election."[37] As Justice Brett Kavanaugh recently explained in a concurrence:

> This Court has repeatedly stated that federal courts ordinarily should not enjoin a state's election laws in the period close to an election, and this Court in turn has often stayed lower federal court injunctions that contravened that principle. That principle — known as the *Purcell* principle — reflects a bedrock tenet of election law: **When an election is close at hand, the rules of the road must be clear and settled**. Late judicial tinkering with election laws can lead to disruption and to unanticipated and unfair consequences for candidates, political parties, and voters, among others.[38]

---

[34] *See Chalk v. U.S. Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988) (citing *Los Angeles Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197, 1200 (9th Cir. 1980)).

[35] *Anderson*, 612 F.2d at 1114 (quoting *Martinez*, 544 F.2d at 1243).

[36] 549 U.S. 1 (2006).

[37] *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 140 S. Ct. 1205, 1207 (2020) (per curiam) (citing *Purcell*, 549 U.S. 1; *Frank v. Walker*, 574 U.S. 929 (2014); *Veasey v. Perry*, 574 U.S. 951 (2014)).

[38] *Merrill v. Milligan*, 142 S. Ct. 879, 880-81 (2022) (Kavanaugh, J., concurring) (emphasis added) (citations omitted).

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al.*, Case No. 3-22-CV-00077-SLG Page 10 of 11
Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 10 of 11

Plaintiffs' explicit request to change the rules for campaigns that are already underway must also be disfavored.[39]

## V. CONCLUSION

Because Plaintiffs have not come close to meeting their burden, this Court should DENY Plaintiffs' motion for preliminary injunction.

CASHION GILMORE & LINDEMUTH
Attorneys for Defendants

DATE: May 16, 2022

/s/Scott M. Kendall
Scott M. Kendall
Alaska Bar No. 0405019
Jahna M. Lindemuth
Alaska Bar No. 9711068

---

[39] A special by-mail primary election has been set for June 11, the primary election and special general election have been set for August 16, and the general election is on November 8, 2022.

ABE's Opposition to Plaintiffs' Motion for Preliminary Injunction
*Smith et al. v. Helzer et al., Case No. 3-22-CV-00077-SLG*
Page 11 of 11

Case 3:22-cv-00077-SLG   Document 34   Filed 05/16/22   Page 11 of 11