# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DOUG SMITH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD STILLIE, JR., in his official capacity as chair of the Alaska Public Offices Commission, *et al.*, <br><br> Defendants, <br><br> and <br><br> ALASKANS FOR BETTER ELECTIONS, INC., <br><br> Intervenor-Defendant. | Case No. 3:22-cv-00077-SLG |

## SCHEDULING AND PLANNING ORDER

### I.   Meeting of the Parties

Based upon information available to the Court through a Scheduling and Planning Conference Report completed by the parties pursuant to Rules 16(a) and 26(f) of the Federal Rules of Civil Procedure and to Local Civil Rules 16.1 and 26.1(b) (Dkt. 71), and, if one was held, the scheduling and planning conference, this order for the pretrial development of the case is entered pursuant to Rule 16(b), Federal Rules of Civil Procedure.

**This order may be modified only for good cause shown and with the consent of the Court.  *See* Rule 16(b)(4), Federal Rules of Civil Procedure.**

## II. Discovery Plan

Discovery shall be conducted in accordance with Rules 26 through 37 of the Federal Rules of Civil Procedure, any applicable Local Civil Rules, and the discovery plan specified in the Scheduling and Planning Conference Report of the parties, except as otherwise provided below.

- A. **Timing, Form, and Disclosure Requirements.** The requirements of Rule 26(f)(3)(A) shall apply to this case. Any changes to those requirements that the Court has approved are incorporated in the following paragraphs, Sections II.B through II.G. Each party must contemporaneously prepare and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery under Rule 26(a) and (e), Federal Rules of Civil Procedure. Unless required in support of a motion or by order of the Court, disclosures and supplemental disclosures are not to be filed with the Court.

- B. **Initial Disclosures / Preliminary Witness Lists.**

    1. The information required by Rule 26(a)(1), Federal Rules of Civil Procedure:

        (a) ☐ has been exchanged by the parties.

        (b) ☒ shall be exchanged by the parties on or before **March 7, 2025.**

2. Preliminary witness lists:

    (a) ☐ have been exchanged by the parties.

    (b) ☒ shall be exchanged by the parties on or before **April 11, 2025.**

3. With reference to the disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

    (a) ☐ The parties are in compliance.

    (b) ☒ Compliance shall be accomplished on or before **March 7, 2025.**

    (c) ☐ Rule 7.1 is not applicable.

**C. Subjects and Timing of Discovery**

1. The parties ☒ have / ☐ have not reported the subjects on which discovery may be needed.

2. Discovery shall not be conducted in phases or limited to or focused on particular issues.

3. The parties ☐ have / ☒ have not shown cause for a discovery close date beyond 12 months from their report.

4. **Final Discovery Witness List.** A final discovery witness list, disclosing all lay and expert witnesses that a party may wish to call at trial either by live testimony or deposition, shall be served and

filed on or before **November 3, 2025** and not later than **45 days** before the close of all discovery. Each party shall make a good-faith attempt to list only those witnesses that the party reasonably believes will testify at trial. Unless otherwise ordered for good cause shown, only those witnesses disclosed in this final discovery witness list will be permitted to testify at trial.

5. **Close of Fact Discovery.** Fact discovery shall be completed on or before **August 15, 2025.**

6. **Expert Discovery**. Pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure:

   (a) Expert witnesses shall be identified by each party on or before **June 2, 2025,** and each party may identify responsive supplemental expert witnesses on or before **June 23, 2025**.

   (b) Expert disclosures (reports) required by Rule 26(a)(2) shall be disclosed:

   (i) By Plaintiff(s) on or before **September 2, 2025** and by Defendant(s) on or before **October 1, 2025**; and

   (ii) Rebuttal reports on or before **November 3, 2025**.

   (c) Expert witness discovery (including depositions) shall be completed by **December 1, 2025**.

7. **Close of All Discovery.** All discovery shall be completed by the dates set forth above for fact and expert discovery, as applicable.[1]

D. **Preservation of Discovery, Including Electronically Stored Information (ESI).**

1. No issues have been reported as regards disclosure, discovery, or preservation of ESI, including the form or format in which it should be produced.

2. The parties shall proceed as they have proposed with respect to the production of ESI.

3. Preservation of non-ESI Discovery:

    (a) ☒ There is no indication that this will be an issue.

    (b) ☐ The parties may proceed as they have proposed.

E. **Claims of Privilege or Protection of Attorney Work Product.**

Claims of privilege or protection of trial preparation materials shall be handled as follows:

1. ☒ There is no indication that this will be an issue.

---

[1] The parties proposed a January 2, 2026 deadline for the close of all discovery, but such an additional deadline appears inconsistent with the deadlines the parties agreed on for the close of fact and expert discovery, and hence has been omitted.

2. ☐ The parties have entered into a confidentiality agreement.

3. ☐ The parties shall submit their proposed confidentiality agreement on or before _____.

**F. Limitations on Discovery.** The following limitations on discovery are imposed:

1. ☒ The limitations set forth in Federal Rules of Civil Procedure 26(b), 30, and 33, and in Local Civil Rules 30.1 and 36.1, apply, except as indicated below.

2. ☒ The maximum number of depositions by each party shall not exceed **10.**

   (a) ☒ Depositions shall not exceed **3** hours as to any deponent; <u>or</u>

   (b) ☒ Depositions shall not exceed the following:

   (1) **3** hours as to non-party deponents, and

   (2) **3** hours as to party deponents, corporate officer deponents, Rule 30(b)(6) deponents, and expert witness deponents.

3. ☒ The maximum number of interrogatories posed by each party shall not exceed **25.**

4. ☐ The maximum number of requests for admissions posed by each party shall not exceed **[number].**

5. ☐ Other limitations: **[insert other limitations]**.

**G. Supplementation of Disclosures and Discovery Responses.**

Disclosures and discovery responses shall be supplemented:

1. ☐ In accordance with Rule 26(e)(1) and (e)(2), Federal Rules of Civil Procedure.

2. ☐ At intervals of ___ days.

3. ☒ As new information is acquired, but not later than 60 days before the close of fact discovery.

**III. Pretrial Motions.**

**A.** Preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation shall be served and filed not later than:

1. ☒ Not applicable.

2. ☐ **[Date:]**

**B.** Motions to amend, motions under the discovery rules, motions *in limine*, and dispositive motions:

1. ☐ Motions shall be served and filed within the times specified by the applicable rules, including Local Rules 7.2, 7.3, and 16.1(c), except as indicated below.

2. ☒ Motions to amend pleadings, including motions to add parties, shall be served and filed not later than **March 15, 2025.** Thereafter, a party must seek leave of the Court to modify this deadline. *See* Rule 16(b)(3)(A) and (b)(4), Federal Rules of Civil Procedure.

3. ☒ Motions under the discovery rules shall be served and filed not later than **December 1, 2025**.

4. ☒ Dispositive motions shall be served and filed not later than **February 27, 2026**.

5. ☒ Motions to exclude expert testimony shall be served and filed not later than **30 days after the close of discovery**.

6. ☒ Motions *in limine* will be filed not later than two weeks before trial.

IV. **Trial.**

A. The parties expect the case to take **5** days for trial.

B. A jury trial ☐ has / ☒ has not been demanded.

C. The right to jury trial ☐ is / ☐ is not disputed.

D. Scheduling Trial.

1. ☐ The parties' request to establish a trial date at this time:

(a) ☐ Is approved, and trial is scheduled to commence on

_____.

(b) ☐ Is not approved.

If approved, a separate trial scheduling order will be issued.

2. ☐ The parties did not request the scheduling of a trial date at this time. Either party may request a trial setting conference at any time to establish a trial date. The Court may also, on its own initiative, conduct a trial setting conference after the close of discovery. Otherwise, when timely filed dispositive motions have been ruled upon, the Court will call upon the parties to certify the case ready for trial and provide the court with proposed trial dates.

**V. Other Provisions.**

**A. Court Conference.** The parties have not requested a conference with the Court before entry of a scheduling order.

**B. Consent to Proceed before a Magistrate Judge.** The parties have not consented to trial before a Magistrate Judge.

**C. Early Settlement / Alternative Dispute Resolution.** The parties have considered and reported to the Court regarding possible alternative dispute resolution procedures.

**D. Related Cases.** The parties have reported to the Court regarding any related cases as defined by Local Civil Rule 16.1(e).

**E. Chambers Copies.** The parties shall provide a chambers copy for the use of the undersigned judge of every filing that exceeds 50 pages, including attachments. Chambers copies are not part of the official file in the case and are not open to public inspection. Chambers copies should contain the following:

- If the document was filed electronically, the chambers copy must be an exact replica of the filed document, including the document footer assigned by the CM/ECF System.
- Exhibits/Attachments must be separately identified with readily visible tabs.
- The copies are to be legible, single-sided, and two-hole punched at the center of the top of the page.

DATED this 14th day of January, 2025.

           */s/ Sharon L. Gleason*
           UNITED STATES DISTRICT JUDGE