Scott Kendall (AK No. 0405019)
Jahna M. Lindemuth (AK No. 9711068)
Cashion, Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, Alaska 99501
Phone: (907) 222-7932
Fax: (907) 222-7938
scott@cashiongilmore.com
jahna@cashiongilmore.com

*Attorneys for Intervenor-Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| DOUG SMITH, ET AL., | |
|---|---|
| Plaintiffs, | Case No. 3:22-CV-00077-SLG |
| v. | |
| RICHARD STILLIE, JR., IN HIS OFFICIAL CAPACITY AS CHAIR OF THE ALASKA PUBLIC OFFICES COMMISSION, ET AL., | **STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION** |
| Defendants, | |
| and | |
| ALASKANS FOR BETTER ELECTIONS, INC., | |
| Intervenor-Defendant. | |

Upon stipulation, the Parties, through their respective counsel, agree as follows:

**1.     Confidential Information**

A party or a person or entity not a party but who produces documents in this federal litigation matter may designate a Document produced as "Confidential" if the designating

STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION
*Smith, et al., v. Stillie, et al., Case No. 3-22-CV-00077-SLG*                                   Page 1 of 8

Case 3:22-cv-00077-SLG     Document 84     Filed 07/28/25     Page 1 of 8

party believes in good faith that the Document contains privileged or confidential information, including but not limited to protected health information, trade secrets, private and personal information, or other confidential or proprietary information. For this purpose, "Document" includes documents produced in disclosures, documents produced in response to requests for production, interrogatory answers, responses to requests for admission, deposition transcripts and deposition exhibits, affidavits, declarations, briefs, memoranda and pleadings. The term "Document" includes paper documents and documents created or duplicated in electronic/digital form.

**2.   Use of Confidential Documents**

Documents designated Confidential can be used solely for this federal litigation matter, including any appeals. Confidential Documents shall not be disclosed to anyone except the following persons:

- a. Counsel of record for each party in this federal litigation matter, including other members of counsels' law firms and any other counsel associated to assist in this case;
- b. Employees and contractors of counsel who assist in this case;
- c. Experts and non-attorney consultants retained by the parties to this case, subject to the execution by the expert or consultant of the Agreement To Be Bound (Exhibit A);
- d. Any party to this case, including their officers, directors, partners, members, and employees to whom disclosure is reasonably necessary, and who have signed the Agreement to be Bound (Exhibit A);

STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION
*Smith, et al., v. Stillie, et al., Case No. 3-22-CV-00077-SLG*                                                                                                         Page 2 of 8

Case 3:22-cv-00077-SLG     Document 84     Filed 07/28/25     Page 2 of 8

e. During deposition or trial, to any deposition or trial witness where necessary to the testimony of such witness; to any witness in an interview or in preparation for testimony, whether in deposition, at trial, or otherwise, where necessary to the interview or preparation of that witness;

f. The United States District Court, including any employees thereof;

g. Those persons specifically engaged for the limited purpose of making photocopies, exhibits, electronic copies, or presentations for this case; or

h. Any other person with the prior written consent of the designating party.

**3. Making Confidential Designations**

Documents shall be designated as Confidential by marking the documents with the word "Confidential" before the Document is produced by one party to another party. For deposition testimony, the designating party must either state on the record that the testimony is "Confidential" or designate specific transcript pages as Confidential Information within twenty (20) calendar days after receipt of the transcript of the deposition. Unless designated in accordance with this paragraph, any confidentiality is waived unless otherwise stipulated or ordered.

**4. Notification and Challenge**

Any party may challenge a confidentiality designation by another party by filing a motion. The Parties recognize that the standards for what is properly designated as

STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION
*Smith, et al., v. Stillie, et al., Case No. 3-22-CV-00077-SLG* Page 3 of 8

Case 3:22-cv-00077-SLG     Document 84     Filed 07/28/25     Page 3 of 8

"Confidential" under this Protective Order and Fed. R. Civ. P. 26(c) may vary from the standard the Court will apply to determine whether evidence should be public when an official court record, such as a when used to support a dispositive motion or as evidence in Court, and will indicate the standard it asserts is appropriate when making the challenge. At least seven days prior to filing such a motion, the party objecting to the designation must provide notice of its objection to the designating party. Thereafter, the parties must meet and confer and attempt to resolve the dispute. The designating party will have the burden of proving that the challenged confidentiality designation is appropriate in the circumstances. If a motion challenging a confidentiality designation is filed, the provisions of this Protective Order will apply to the Confidential Document until the motion is decided.

5. **Unauthorized Disclosure of Confidential Documents**

If a receiving party learns that by inadvertence or otherwise, it has disclosed a Confidential Document to any person or in any circumstance not authorized under this Order, it must immediately (a) notify in writing the designating party of the unauthorized disclosure(s), (b) use its best efforts to retrieve the unauthorized copies of the Confidential Documents, (c) inform the person or person to whom unauthorized disclosures were made of all terms of this Order, and (d) use reasonable efforts to have such person or persons execute the Agreement to be Bound (Exhibit A).

6. **Return of Documents**

Upon completion of the federal litigation matter, the original and all copies of all Confidential Documents must be returned to counsel for the producing party or non-party

STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION
*Smith, et al., v. Stillie, et al., Case No. 3-22-CV-00077-SLG* Page 4 of 8

Case 3:22-cv-00077-SLG   Document 84   Filed 07/28/25   Page 4 of 8

or destroyed; provided however, the Court has no such obligation for Confidential Documents used during the proceeding and may retain such materials as part of their file. Upon request by the producing party or non-party, the non-producing parties must provide to counsel for the producing party or non-party a certificate reflecting such disposition.

7. **Scope of Protective Order**

Nothing in this Protective Order restricts any of the Parties from using or disclosing its own Confidential Documents for any purpose. This Protective Order also does not apply to information that was lawfully in the possession of a party or a third party or in the public domain before the date of entry of this Protective Order.

8. **Retention of Jurisdiction**

The Parties and any other person subject to the terms of this Protective Order agree that both this Court has and retains jurisdiction during and after this action is terminated for the purpose of enforcing this Order. This Order shall survive the termination of this action, to the extent that the information contained is Confidential and is not or does not become known to the public.

STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION
*Smith, et al., v. Stillie, et al., Case No. 3-22-CV-00077-SLG* Page 5 of 8

Case 3:22-cv-00077-SLG     Document 84     Filed 07/28/25     Page 5 of 8

# EXHIBIT A
# AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order issued in that certain federal litigation matter pending before United States District Court for the District of Alaska as *Smith, et al., v. Stillie, et al.*, Case 3:22-cv-00077-SLG. I agree to comply with and to be bound by all of the terms of the Protective Order, and solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with said order.

I further agree to submit to the jurisdiction of any court of competent jurisdiction for the purpose of compliance with and enforcement of the Protective Order, even if such proceedings occur after the conclusion or close of the above-referenced federal litigation matter. I specifically agree, upon threat of penalty of contempt and other civil remedies, to be bound by the terms of the Protective Order.

SIGNED AND SWORN IN THE CITY OF_____, IN THE STATE OF_____.

DATE: _____

_____
Signature

_____
Printed Name

STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION
*Smith, et al., v. Stillie, et al., Case No. 3-22-CV-00077-SLG*    Page 6 of 8

Case 3:22-cv-00077-SLG   Document 84   Filed 07/28/25   Page 6 of 8

|  | CASHION GILMORE & LINDEMUTH |
|---|---|
|  | Attorneys for Intervenor-Defendants |

DATED: July 28, 2025　　　　/s/ Scott Kendall
　　　　　　　　　　　　　　Scott Kendall
　　　　　　　　　　　　　　Alaska Bar No. 0405019
　　　　　　　　　　　　　　Jahna M. Lindemuth
　　　　　　　　　　　　　　Alaska Bar No. 9711068

　　　　　　　　　　　　　　STATE OF ALASKA, DEPARTMENT OF LAW
　　　　　　　　　　　　　　Attorneys for Defendants

DATED: July 28, 2025　　　　/s/ Robert Bacaj (with consent)
　　　　　　　　　　　　　　Kimberly D. Rodgers
　　　　　　　　　　　　　　Alaska Bar No. 0605024
　　　　　　　　　　　　　　Margaret A. Paton-Walsh
　　　　　　　　　　　　　　Alaska Bar No. 0411074
　　　　　　　　　　　　　　Robert Bacaj
　　　　　　　　　　　　　　Alaska Bar No. 2408089
　　　　　　　　　　　　　　Laura Fox
　　　　　　　　　　　　　　Alaska Bar No. 0905015
　　　　　　　　　　　　　　Helen Lober
　　　　　　　　　　　　　　Alaska Bar No. 2406068

　　　　　　　　　　　　　　PIONEER LAW, LLC
　　　　　　　　　　　　　　Attorneys for Plaintiffs

DATED: July 28, 2025　　　　/s/ Craig Richards (with consent)
　　　　　　　　　　　　　　Craig Richards
　　　　　　　　　　　　　　Alaska Bar No. 0205017
　　　　　　　　　　　　　　Dustin Elsberry
　　　　　　　　　　　　　　Alaska Bar No. 2311124

　　　　　　　　　　　　　　LIBERTY JUSTICE CENTER
　　　　　　　　　　　　　　Attorneys for Plaintiffs

DATED: July 28, 2025　　　　/s/ Reilly Stephens (with consent)
　　　　　　　　　　　　　　Reilly Stephens
　　　　　　　　　　　　　　*Pro Hac Vice*

STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION
*Smith, et al., v. Stillie, et al., Case No. 3-22-CV-00077-SLG*　　　　　　　　　　Page 7 of 8

Case 3:22-cv-00077-SLG　　Document 84　　Filed 07/28/25　　Page 7 of 8

**IT IS SO ORDERED.**

DATED: _____  _____
                                                              Hon. Sharon L. Gleason
                                                              United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>
I hereby certify that on July 28, 2025, a copy
of the foregoing document was served via CM/ECF
on all counsel of record.

By: */s/ Scott Kendall*

STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION
*Smith, et al., v. Stillie, et al.,* Case No. 3-22-CV-00077-SLG     Page 8 of 8

Case 3:22-cv-00077-SLG     Document 84     Filed 07/28/25     Page 8 of 8