**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

ROBERT GRIFFIN, *et al.*,

        Plaintiffs,

      v.

RICHARD STILLIE, JR., in his official capacity as chair of the Alaska Public Offices Commission, *et al.*,

        Defendants,

     and

ALASKANS FOR BETTER ELECTIONS, INC.,

        Intervenor-Defendant.

Case No. 3:22-cv-00077-SLG

## ORDER ON CONTESTED MOTION TO FILE SUPPLEMENTAL EXPERT REPORTS

Before the Court at Docket 117 is Plaintiffs' Contested Motion to File Supplemental Expert Reports.[1] Intervenor-Defendant Alaskans for Better Elections, Inc. ("ABE") responded in opposition at Docket 122 and Defendants responded in opposition at Docket 124.[2] Plaintiffs replied to both oppositions at

---

[1] Plaintiffs subsequently filed a Notice of Errata. Docket 121. Plaintiffs' supplemental expert reports by David Primo and Art Hackney are at Docket 117-3 at 2-12 and Docket 117-3 at 14-17, respectively.

[2] Defendants filed an accompanying Declaration of Abby Wood Regarding Replication Files at Docket 123.

Docket 126.[3]  Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

### I. Factual Background

Following the remand of this case from the Ninth Circuit, the Court entered a Scheduling and Planning Order on January 14, 2025.[4]  That order set a deadline for Plaintiffs' expert reports of September 2, 2025, Defendants' expert reports on October 1, 2025, and rebuttal reports on November 3, 2025.[5]

Over the summer of 2025, Defendants and ABE each informed Plaintiffs that their expert witnesses would be "rebuttal" witnesses, which evidently meant that these experts would not be preparing any initial report as contemplated by the Scheduling and Planning Order, but solely a report that would rebut Plaintiffs' expert reports.[6]

On September 5, 2025, Plaintiffs provided Defendants with their two expert reports by David Primo and Art Hackney.[7]

---

[3] Plaintiffs filed an accompanying Declaration of David Primo Regarding Replication Files at Docket 125.

[4] Docket 72.

[5] Docket 72 at 4.

[6] *See* Docket 117-2 at 2; Docket 117-3 at 19-21 (ABE's two rebuttal experts); Docket 117-3 at 26 (Defendants' final witness list).

[7] Docket 122-1 at 1-14 (Prof. Primo Expert Report); Docket 122-2 at 1-8 (Art Hackney Expert Report).  On November 7, 2025, the Court granted the parties' joint motion to extend the Rebuttal Report deadline until December 5, 2025. Docket 109.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 2 of 21
Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 2 of 21

Professor Primo's report asserts that campaign finance disclosure laws, such as Ballot Measure 2, at best, have very little impact on voters, and at worst, "distort the speech of groups making independent expenditures, confuse voters, or lead voters to make decisions at odds with their preferences," "impose administrative burdens on contributors and organizations," and "may lead voters fearful of reprisals to decide against making contributions to political organizations."[8] His report is based on "social scientific evidence regarding campaign finance disclosure, including [his] own peer-reviewed research." The report cites to two Supreme Court cases and 13 academic articles, studies, and books.[9]

Mr. Hackney's expert report contends that "the provisions imposed by Ballot Measure 2 are so convoluted, onerous and counterintuitive that ordinary citizens are discouraged from involvement in political speech."[10] Mr. Hackney appears to cite to multiple press releases that according to him, reveal that Ballot Measure 2 imposes arbitrary disclosure rules that severely chill political participation.[11] Mr.

---

[8] Docket 122-1 at 4.

[9] Docket 122-1 at 13-14. Particular sources of note include a 2024 study by Professor Broockman, a 2015 study by Professor Ridout, and the 2013 and 2014 studies by Professor Dowling. *See* Docket 122-1 at 1-14.

[10] Docket 122-2 at 6.

[11] Docket 122-2 at 4-7. The Hackney Report explains that due to the mandated extended disclaimers, he "ceased running less expensive :30 second issue messages because of the requirements that now make the disclosure information far longer than the message itself." Docket 122-2 at 6.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 3 of 21
Case 3:22-cv-00077-SLG   Document 170   Filed 06/02/26   Page 3 of 21

Hackney's Report concludes that "donors get more and more unwilling to contribute their after-tax dollars to causes they believe in because they feel that they will be subjected to confusing reporting requirements."[12] Plaintiffs' two experts were deposed on October 20, 2025 and October 22, 2025, which was before Plaintiffs had been provided any expert reports from Defendants or ABE.[13]

On November 3, 2025, while the parties were negotiating an updated discovery timeline, Plaintiffs emailed Defendants and ABE the following:

> [T]here is one issue—which is that if defendants expert report(s) are going to come in at the rebuttals deadline—they didn't do an initial report, and so if the new reports raise any new issues (which I think it will be hard for them not to do) we would normally have an opportunity to have our experts do a rebuttal to any of that—and I'm not sure where that slots in there. If defendants are amenable, we can just make the deadline on that the close of expert discovery—or slot in an extra date before Christmas.[14]

That same day, Defendants responded to Plaintiffs: "The issue with adding another plaintiffs' report is that we have already deposed your experts on the understanding that the schedule did not provide for rebuttals of the rebuttals . . ."[15] The next day, Plaintiffs responded to Defendants' email stating "[i]n any case, not

---

[12] Docket 122-2 at 8.

[13] Docket 124 at 3.

[14] Docket 117-3 at 32.

[15] Docket 117-3 at 32.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 4 of 21
Case 3:22-cv-00077-SLG   Document 170   Filed 06/02/26   Page 4 of 21

having seen what your reports will look like, I can't very well agree not to respond to them."[16]

On November 5, 2025, the parties filed an Unopposed Motion to Extend Case Deadlines, which set the Rebuttal Report deadline for December 5, 2025, and the Close of Expert Discovery for January 9, 2026, among other deadlines.[17] The Court granted the motion.[18]

On December 5, 2025, Defendants provided Professor Abby Wood's report (the "Wood Report") to Plaintiffs and suggested deposition dates.[19] Professor Wood is a Professor of Law, Political Science, and Public Policy at the University of Southern California Gould School of Law and has researched campaign finance, malfeasance by government actors, political scandal, and political transparency since 2009.[20]

Also on December 5, 2025, ABE provided its two expert reports to Plaintiffs.[21] ABE's first rebuttal expert, John-Henry Heckendorn, "is the founding partner of Ship Creek Group, a leading political consulting firm in Alaska."[22] Mr.

---

[16] Docket 117-3 at 31.

[17] Docket 108 at 2.

[18] Docket 109.

[19] Docket 117-3 at 51-53. Docket 117-1 at 2. Defendants previously identified their rebuttal witness as Professor Abby Wood on August 15, 2025. Docket 101 at 3.

[20] Docket 123 ¶ 1 (Decl. Prof. Wood); Docket 117-4 at 48.

[21] Docket 122 at 3; Docket 117-4 at 2.

[22] Docket 117-3 at 20.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 5 of 21
Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 5 of 21

Heckendorn's Expert Report (the "Heckendorn Report") is primarily based on his experience in political campaigns and projects in Alaska, analysis of social media advertisements, and his firm's statistical analysis.[23] ABE's second expert, Kimberly Hays, was the Deputy Political Director of the Alaska AFL-CIO and is currently the Political Director of the Alaska AFL-CIO.[24] Ms. Hays's Expert Report (the "Hays Report") primarily provides responses to several questions concerning the 24-hour reporting requirement, true source disclosure of funds, advertisement placing with the new disclaimer rules, impact of the out-of-state disclosure, and ease of compliance with the APOC statutes in question.[25]

On December 15, 2025, Plaintiffs' counsel shared his concerns, primarily about the Wood Report, with the parties following his review of Defendants' expert report and ABE's two expert reports as follows:

> The big one is: Professor Wood's report includes an entirely new data analysis she did specific to Alaska, and also her own independent new analysis of data from some of the papers she's discussing. We're going to have to ask for the datasets she used for those and the code she used to run the analysis, to double check for errors. We consider this issue in particular sufficient enough to potentially ask for a rebuttal to the rebuttal, so to speak, as its an entirely new thing we couldn't have possibly addressed before we got this.

---

[23] Docket 122-4 at 3.

[24] Docket 117-3 at 20.

[25] Docket 122-3 at 1-4.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 6 of 21

Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 6 of 21

> She also cites a number of new papers—I'm guessing those are probably publicly available, but I don't have a university login myself so might ask for those to be safe. [26]

In that email, Plaintiffs' counsel also requested additional information and exhibits concerning Ms. Hays and Mr. Heckendorn.[27] That same day, Defendants' counsel responded to one of Plaintiffs' counsel's concerns: "If you can identify the papers you want to see, I'll work with Professor Wood to get those for you, along with replication files for her analysis."[28]

On December 16, 2025, Plaintiffs' counsel responded with a list of 12 sources that Professor Wood referenced in her report that were not referenced in Professor Primo's report.[29] The next day, on December 17, 2025, Defendants' counsel provided Plaintiffs with certain replication files, data, and articles cited in the Wood Report.[30] On January 28, 2026, Professor Primo received "a declaration from Professor Wood in which she stated that 'data and code were made available.'"[31] But according to the January 30, 2026 Declaration of David Primo,

---

[26] Docket 117-3 at 51.

[27] Docket 117-3 at 51.

[28] Docket 121-1 at 10. On December 15, 2025, Plaintiffs' counsel contacted Professor Wood and "requested the datasets and code used to create [her] rebuttal report." Docket 123 ¶ 2.

[29] Docket 121-1 at 9; Docket 124-1 at 2-3.

[30] Docket 124-1 at 1-2; Docket 124 at 4.

[31] Docket 125 ¶ 6 (Decl. Prof. Primo).

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 7 of 21

Case 3:22-cv-00077-SLG   Document 170   Filed 06/02/26   Page 7 of 21

Plaintiffs did not receive the data or code regarding Professor Wood's analysis of a study conducted by Professor Robinson.[32]

On January 6, 2026, Plaintiffs deposed Professor Wood.[33]  On January 7 and 9, 2026, Plaintiffs deposed Ms. Hays and Mr. Heckendorn, respectively.[34]

On January 9, 2026, Plaintiffs filed the instant motion, which was the deadline for filing discovery motions.[35]  Plaintiffs seek to submit supplemental expert reports of Professor Primo and Mr. Hackney because they maintain that Defendants' and ABE's expert reports are not solely rebuttal reports.[36]

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony.  Rule 26(a)(2)(B) provides that an initial expert report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them."

The permissible scope of an expert's rebuttal report is limited.[37]  Under Rule 26(a)(2)(D)(ii), a rebuttal report is "intended *solely* to contradict or rebut evidence

---

[32] Docket 125 ¶¶ 3, 7, 8 (Decl. Prof. Primo).

[33] Docket 124 at 4.

[34] Docket 117-4 at 55.

[35] Docket 117; Docket 109.

[36] Docket 117-1 at 7.

[37] *See Specter v. Texas Turbine Conversions, Inc.*, Case No. 3:17-cv-00194-TMB, 2020 WL 7234369, at *4 (D. Alaska Dec. 8, 2020) (citing Fed. R. Civ. P. 26); *see also Theoharis v. Rongen*, Case No. C13-1345RAJ, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014) ("There is scarce appellate authority explaining the difference between an expert's Rule 26(a)(2) initial disclosures and her rebuttal disclosures, and the district courts have articulated a wide range of

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 8 of 21
Case 3:22-cv-00077-SLG   Document 170   Filed 06/02/26   Page 8 of 21

on the same subject matter" as another party's expert report.[38]  Rebuttal expert reports are proper "if they contradict or rebut the subject matter" of the affirmative expert report.[39]  "They are not, however, the proper place for presenting new arguments."[40]  "'Rebuttal' experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts."[41]

After a district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 that establishes pretrial deadlines, those deadlines can only be modified "for good cause."[42]  The "good cause" inquiry "primarily considers the diligence of the party seeking the amendment."[43]  While "prejudice to the party opposing the modification might supply additional reasons to deny a motion, the

standards.").

[38] Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added); *see also* 6 Moore's Federal Practice § 26.23[3] (3d ed. 2026) ("The proper function of a rebuttal report is to contradict, impeach, or defuse the impact of evidence offered by the adverse party's expert.").

[39] *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008).

[40] *Lucas v. MGM Resorts Int'l*, Case No. 220CV01750JADNJK, 2023 WL 1785655, at *2 (D. Nev. Jan. 24, 2023) (quoting *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.*, Case No. No. 2:09–cv–01749–LRH–LRL, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011)).

[41] *Int'l Bus. Machs. Corp. v. Fasco Indus., Inc.*, Case No. C–93–20326 RPA, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995).

[42] Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

[43] *Mammoth Recreations, Inc.*, 975 F.2d at 609.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 9 of 21
Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 9 of 21

focus of the inquiry is upon the moving party's reasons for seeking modification," and "[i]f that party was not diligent, the inquiry should end."[44]

## DISCUSSION

In their motion, Plaintiffs request that the Court accept two supplemental expert reports: the "Reply to the Rebuttal Report of Professor Abby Wood" by Professor Primo (the "Primo Supplemental Report") and "Art Hackney's Response to 'Rebuttal' Reports by Kimberly Hays and John-Henry Heckendorn" by Art Hackney (the "Hackney Supplemental Report") after the deadline for expert reports had expired.[45] Plaintiffs maintain the Primo Supplemental Report is "especially necessary" because they contend that in the Wood Report, Defendants "have submitted a so-called rebuttal report that introduces troves of new information, new data, and new analysis that were not previously made available in discovery."[46] Plaintiffs add that they "are entirely willing" to allow Plaintiffs to redepose both of their experts "regarding what they say in their supplemental report."[47]

The Court first addresses the arguments as they relate to ABE and then as they relate to Defendants.

---

[44] *Id.*

[45] Docket 117-3 at 2-12 (Primo Supp. Report); Docket 117-3 at 14-17 (Hackney Supp. Report).

[46] Docket 117 at 2; Docket 117-1 at 5.

[47] Docket 117-1 at 8 ("The Defendants and Defendant-Intervenors May Still Take Depositions of Mr. Primo and Mr. Hackney.").

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 10 of 21

### I. Hackney Rebuttal Report

Plaintiffs assert that Mr. Hackney should be allowed to supplement his report to rebut the new claims made by ABE's two expert witnesses, since (1) "at no point did the plaintiffs agree that this would mean that the plaintiffs would be giving up their right to respond to the claims made by the defendants and defendant-intervenor's witnesses;"[48] and (2) ABE may still depose Mr. Hackney.[49] And in their reply, Plaintiffs maintain "Defendant-Intervenor's characterization of Plaintiff's motion as an 'eleventh hour' request is inaccurate" because Plaintiffs had identified this issue months before in their November 3, 2025 email.[50] Plaintiffs also assert that ABE's "claims about burden and delay are misplaced. While much of it happened for good faith reasons, much of the burden and delay in this case are due to the Defendant-Intervenor's own choices."[51]

ABE asserts that Plaintiffs have not shown good cause to modify the scheduling order to permit the Hackney Supplemental Report for four reasons.[52]

---

[48] Docket 117-1 at 7-8.

[49] Docket 117-1 at 8.

[50] Docket 126 at 3, 6.

[51] Docket 126 at 3.

[52] Docket 122 at 4-6.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 11 of 21
Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 11 of 21

As an initial matter, ABE is correct to observe that as of the date of this order, any supplemental round of discovery would be untimely, absent a Court order or the agreement of the parties.[53]

According to Plaintiffs, "the unopposed motion from November shows Defendant-Intervenor knew of this controversy for months."[54] While it is abundantly clear that Defendants knew of this controversy for months, the same cannot be said for ABE. In the mid-December 2025 emails, as to Ms. Hays, Plaintiffs asked for (1) "An estimate of the number of hours she has spent in complying or helping others comply with APOC reporting each of the last five years, and a break down of those hours based on estimated types of tasks performed"; and (2) "Unredacted versions of the exhibits."[55] As for Mr. Heckendorn, Plaintiffs asked for (1) "All projects he or Ship Creek Group have done for ABE, or any entity with which ABE is affiliated, in the last five years"; and (2) "All compensation paid to him or the Ship Creek Group by ABE, or any entity with which ABE is affiliated, in the last five years including a break down of what the project related to."[56] Plaintiffs' December 2025 communications do not

---

[53] The deadline for rebuttal reports and the close of expert discovery was on December 5, 2025, and January 9, 2026, respectively. Docket 109 at 1.

[54] Docket 126 at 8. *See* Docket 108.

[55] Docket 117-3 at 51.

[56] Docket 117-3 at 51.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 12 of 21

Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 12 of 21

characterize ABE's two expert reports as exceeding the permissible scope of rebuttal that necessitates a supplemental report from Mr. Hackney.[57]

ABE notes that "Plaintiffs' motion barely mentions ABE's retained experts, does not cite or include them in their motion, [] does not emphasize the need to supplement Hackney's expert opinion" and "did nothing more than directly rebut the claims made by Plaintiffs' expert witnesses."[58]

ABE is correct to observe that Plaintiffs have not identified specific sections of the Hays Report or the Heckendorn Report that advance new arguments or new evidence.[59] And based on the Court's own review of Mr. Hackney's Expert Report, the Hays Report, and the Heckendorn Report, ABE's experts do not appear to advance new arguments or new evidence not addressed in Mr. Hackney's initial report. Rather, the Hackney Supplemental Report appears intended to rebut some of the opinions of Professor Wood, rather than Mr. Heckendorn or Ms. Hays. For example, Mr. Hackney states: "Mr. Heckendorn's Point #3 is that the source of campaign funds can play a significant role in campaign strategy. That is simplified

---

[57] Docket 117-3 at 32 ("Actually now that I'm looking at this on paper there is one issue—which is that if defendants expert report(s) are going to come in at the rebuttals deadline—they didn't do an initial report, and so if the new reports raise any new issues (which I think it will be hard for them not to do) we would normally have an opportunity to have our experts do a rebuttal to any of that—and I'm not sure where that slots in there. If defendants are amenable, we can just make the deadline on that the close of expert discovery—or slot in an extra date before Christmas.").

[58] Docket 122 at 5-6 (citations omitted).

[59] In contrast, Plaintiffs' reply does detail specific sections of the Wood Report that advance new arguments or new evidence.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 13 of 21

Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 13 of 21

form of Dr. Abby Wood's more specific and telling testimony: 'Voters use campaign finance information as a heuristic, or informational shortcut [. . .] to vote in a way that aligns with their preferences.'"[60]  This language is a direct quotation from the summary page of the Wood Report.[61]  But the Heckendorn Report does not reference or mention Dr. Wood and her research.[62]

For the foregoing reasons, the Court finds that Plaintiffs have not demonstrated good cause to amend the scheduling order to permit the filing of the Hackney Supplemental Report.  Therefore, Plaintiffs' Contested Motion to File Supplemental Expert Reports is **DENIED** as to the proposed Hackney Supplemental Report.

## II.    Disclosure of Professor Wood's Data

Plaintiffs assert that the Wood Report "introduced a separate independent new analysis of data" from "sources that were not publicly available and that [have] still not provided to the plaintiffs, even though they asked" and thus justifies allowing a supplemental report.[63]  Defendants disagree with Plaintiffs' assertion that Defendants denied Plaintiffs access to Professor Wood's code because "[t]his

---

[60] Docket 117-3 at 15.

[61] *See* Docket 117-4 at 3 ("Voters do not need to be able to have perfect recall about interest group names to be able to use information about key supporters to vote in a way that aligns with their preferences. Voters use campaign finance information as a heuristic, or informational shortcut.").

[62] *See* Docket 122-4 at 1-17.

[63] Docket 117-1 at 6-7 (citation omitted).

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 14 of 21

Case 3:22-cv-00077-SLG     Document 170     Filed 06/02/26     Page 14 of 21

code was available to [Plaintiffs] in mid-December giving them more than adequate time to prepare for Professor Wood's deposition on January 6."[64] In their reply, Plaintiffs state that Defendants "still have not given Plaintiffs the data from Professor Robinson's study that Professor Wood used for her own study."[65]

While Defendants filed a Declaration of Professor Wood on January 23, 2026, it contains no mention of Professor Robinson's study.[66] According to the January 30, 2026 Primo Declaration, it appears that while Defendants provided most sources and code to Plaintiffs in December 2025, the Robinson data has not been provided.[67] Professor Primo avers that he "rechecked all the files noted in Professor Wood's declaration and reconfirmed that neither the replication dataset nor the code Professor Wood used to analyze Professor Robinson's article is contained in those files."[68] Based on the foregoing, the information that Defendants provided appears to have been incomplete. Defendants shall provide the dataset and code Professor Wood used to analyze Professor Robinson's

---

[64] Docket 124 at 6.

[65] Docket 126 at 8.

[66] Docket 123; *see also* Docket 125 ¶ 3 ("However, the link did not contain the dataset or code that Professor Wood used in her analysis of the study conducted by Professor Thomas Robinson."); Docket 125 ¶ 4 ("Professor Wood spent several pages of her report discussing Professor Robinson's study, and her discussion made clear that she had conducted her own analysis of his data.").

[67] *See* Docket 125 ¶ 8 ("[Professor Wood] is mistaken in stating that this data and code were made available to me for my rebuttal report.").

[68] Docket 125 ¶ 7.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 15 of 21
Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 15 of 21

article to Plaintiffs **within seven (7) days of this order** unless this omission has already been rectified.

### III.    Professor Primo's Supplemental Report

Plaintiffs assert that "at no point did the plaintiffs agree that" waiting for Defendants "to submit reports until they had an opportunity to read what [Professor Primo] said" "would mean that the plaintiffs would be giving up their right to respond to the claims made by [Defendants and ABE's] witnesses."[69] Defendants maintain that the parties' Unopposed Motion to Extend Case Deadlines "simply foreshadowed that the plaintiffs might file the motion at issue here" but "has no bearing on the merits of the plaintiffs' current motion."[70]

Plaintiffs maintain that the Primo Supplemental Report "should be accepted because the [Wood Report makes] new arguments, new evidence, and new contentions rather than merely responding to Mr. Primo's report."[71] Plaintiffs point out that the Wood Report relies on "entirely new data analysis specific to Alaska"[72]

---

[69] Docket 117-1 at 7.

[70] Docket 124 at 6.

[71] Docket 117-1 at 6 ("Here the defendants did not follow Rule 26(e)(2). They represented to the plaintiffs that they would offer a rebuttal report, but instead offered an entirely new report with new information, new evidence, and new data.") (citing Docket 117-4).

[72] Docket 117-1 at 6 (citing Docket 117-4 at 43-46). Plaintiffs' motion cites to Exhibit 9. The corresponding CM/ECF page numbers for Plaintiffs' Exhibit 9, at 97-99 appears to be Docket 117-4 at 43-46.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 16 of 21

and introduces "a separate independent new analysis of data from the sources," including from sources that were not publicly available.[73]

Defendants respond that Plaintiffs mischaracterize the Wood Report: "Professor Wood's report focuses on arguments made by Professor Primo and discusses the literature that he relies on in great depth to show that it does not actually support his contentions."[74] Defendants also contend that "Plaintiffs completely failed to identify which parts of Professor Wood's report they believe are not responsive to the opinions offered by Prof. Primo."[75] According to Defendants, "[t]he reality is that Professor Wood's report addresses each section of Professor Primo's report in depth, explaining why the sources he relies on are not as supportive of his position as he claims and identifying contrary authority in the literature."[76]

In their reply, Plaintiffs identify "seven specific instances where Professor Wood's report introduced new data, new evidence, and new analysis with minimal

---

[73] Docket 117-1 at 6-7 (citing Docket 117-4 at 22-25, 29-31, 37-40). In their brief, Plaintiffs cite to Exhibit 9 at 76-79, which appears to correspond to Docket 117-4 at 22-25 within the section titled: "Campaign disclosure can inform voters even where they cannot perfectly recall the name or position of a vaguely named group." The next cite, Exhibit 9 at 83-85, appears to correspond to Docket 117-4 at 29-31 under the section titled "Most ballot choices don't have a party cue available as a heuristic." And the next cite, Exhibit 9 at 91-94, appears to correspond to Docket 117-4 at 37-40.

[74] Docket 124 at 5.

[75] Docket 124 at 5.

[76] Docket 124 at 5-6.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 17 of 21

reference to Professor Primo's work."[77]   And in the Primo Supplemental Report, Professor Primo states that "[m]uch of what [Professor Wood] writes *reinforces*, rather than counters, the opinions I expressed in my initial report, which I stand by."[78] Professor Primo maintains his supplemental report is meant to "demonstrate that the conclusions she reaches are not supported by the research she cites and the data analysis she conducts."[79]

It is unclear why Defendants elected not to produce their own initial expert report in accordance with Rule 26(a)(2)(B), as is the norm in most civil litigation. Regardless, the Wood Report is not "intended *solely* to contradict or rebut evidence on the same subject matter" as Professor Primo's initial report; as such, it is not a proper rebuttal report.[80]   Rather, as Plaintiffs have demonstrated, Professor Wood's Report contains analysis of multiple studies not addressed by Professor Primo and uses new data and analysis; it is clearly not limited to the "same subject matter" and not "intended *solely* to contradict or rebut evidence" in the Primo Report.[81]

---

[77] Docket 126 at 3; *see also* Docket 126 at 3-6.

[78] Docket 117-3 at 2 (emphasis in original).

[79] Docket 117-3 at 2.

[80] Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added).

[81] Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added); *see* Docket 126 at 4 (citing Docket 117-4 at 9-11); Docket 126 at 4 (citing Docket 117-4 at 21-25); Docket 126 at 5 (citing Docket 117-4 at 27-29); Docket 126 at 5 (citing Docket 117-4 at 29-31); Docket 126 at 5 (citing Docket 117-4 at 39-40); Docket 126 at 5-6 (citing Docket 117-4 at 43-46); Docket 126 at 6 (citing Docket 117-4 at 11, 24, 29).

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 18 of 21
Case 3:22-cv-00077-SLG     Document 170     Filed 06/02/26     Page 18 of 21

Furthermore, Defendants did not provide Plaintiffs the Wood Report until the rebuttal deadline for expert rebuttal reports.[82] On that date, Defendants produced Professor Wood's 49-page report and argue that since the report is termed a "rebuttal report," Plaintiffs would not get the chance to rebut it. But the Court has found that Professor Wood's report far exceeds the scope of permissible rebuttal, such that there is good cause to permit Plaintiffs to supplement the record with Professor Primo's Supplemental Report at this time.[83]

For the foregoing reasons, Plaintiffs' motion at Docket 117 is **GRANTED** as to Professor Primo's Supplemental Report.

## IV. Deposition of Professor Primo

During the parties' December 2025 email communications, Defendants identified their primary concern with the Court permitting Plaintiffs to file a supplemental expert report as their inability to further depose Professor Primo.[84] But in their motion, Plaintiffs state that they "are entirely willing to have Mr. Primo and Mr. Hackney be deposed again regarding what they say in their supplemental report."[85] Defendants respond that deposing Professor Primo would prejudice

---

[82] *See* Docket 72 at 4. The rebuttal report deadline was then revised to December 5, 2025. Docket 109 at 1.

[83] Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

[84] *See* Docket 117-3 at 32 ("The issue with adding another plaintiffs' report is that we have already deposed your experts on the understanding that the schedule did not provide for rebuttals of the rebuttals [. . . .]").

[85] Docket 117-1 at 8.

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 19 of 21

Case 3:22-cv-00077-SLG   Document 170   Filed 06/02/26   Page 19 of 21

Defendants and "could not have been anticipated when the original schedule was negotiated."[86]

Having granted Plaintiffs' motion as to Professor Primo, the Court permits Defendants and ABE to redepose Professor Primo. It is unclear how long the parties spent deposing Professor Primo at his initial deposition. The Court will permit Defendants to redepose Professor Primo for up to a total of 90 minutes or whatever amount of time was unused from his first deposition, whichever is greater.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Contested Motion to File Supplemental Expert Reports at Docket 117 is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiffs' motion as to the Supplemental Report of Art Hackney (attached as Exhibit 2 at Docket 117) is **DENIED**; and

2. Plaintiffs' motion as to the Supplemental Report of Professor David Primo (attached as Exhibit 1 at Docket 117) is **GRANTED**.

3. Defendants must provide Plaintiffs with the dataset and code Professor Wood used to analyze Professor Robinson's article **within seven (7) days of this order**, if Defendants have not yet done so; and

---

[86] Docket 124 at 6; *see also* Docket 124 at 7 ("The defendants relied on the schedule when deciding when to take depositions, and should not now be forced to redepose these experts because the plaintiffs are concerned that Professor Wood's rebuttal is too effective.").

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 20 of 21

Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 20 of 21

4.      Defendants and ABE may redepose Professor Primo for up to a total of 90 minutes or whatever amount of time was unused from his first deposition, whichever is greater.

IT IS SO ORDERED this 2nd day of June 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00077-SLG, *Griffin, et al. v. Stillie, et al.*
Order on Contested Motion to File Supplemental Expert Reports
Page 21 of 21

Case 3:22-cv-00077-SLG    Document 170    Filed 06/02/26    Page 21 of 21